# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN ROBERTS,

    *Petitioner*,

vs.

STATE OF NEVADA,

    *Respondent*.

3:13-cv-00549-RCJ-WGC

ORDER

This matter comes before the Court for initial review.

Petitioner, a Nevada state inmate, has filed a notice of appeal seeking to appeal to the Ninth Circuit Court of Appeals a March 28, 2012, state court criminal judgment of conviction by the Fifth Judicial District Court in Nye County, Nevada.

The papers presented as well as the online docket records of the state supreme court reflect the following.

On March 28, 2012, petitioner Brian Anthony Roberts was convicted in Nevada state district court, pursuant to a guilty plea, of mid-level trafficking in a schedule 1 controlled substance. Defense counsel filed a notice of appeal, but it was untimely.

On July 26, 2012, in No. 60847, the Supreme Court of Nevada dismissed the appeal as untimely, following review of counsel's response to a show-cause order. The state supreme court noted that petitioner potentially had a valid appeal deprivation claim, and it further noted that such a claim could be raised in a timely state post-conviction petition. The state supreme court's order reflects that it was copied both to counsel and to petitioner in proper person.

On January 9, 2013, in No. 62342, the Supreme Court of Nevada dismissed a second untimely appeal from the judgment of conviction. The state supreme court again noted that petitioner may have had a valid appeal deprivation claim that could be raised in, as the court emphasized, "a <u>timely</u> post-conviction petition." The court noted that petitioner had filed a motion for appointment of counsel in the state district court but that no action yet had been taken on the motion. The state supreme court directed the state district court "to resolve any of appellant's attempts to have counsel appointed." The state supreme court order was copied both to counsel and to petitioner in proper person.

On August 1, 2013, in No. 63376, the Supreme Court of Nevada dismissed a third appeal from a purported June 7, 2013, district court order. The state supreme court noted that there was no oral or written order reflected on the state district court docket for June 7, 2013. The court further noted that to the extent that petitioner was seeking to appeal an April 9, 2013, order denying a motion for leniency, such an order was not appealable. The state supreme court order was copied to both a – differently-named – counsel and to petitioner in proper person.

This Court now is presented with a notice of appeal filed in the federal district court seeking to appeal to the Ninth Circuit a state district court judgment of conviction. No filing fee or pauper application was presented with the filing. The federal courts do not have jurisdiction over the sole party named, the State of Nevada. The state sovereign immunity recognized by the Eleventh Amendment bars suit against the State in federal court, regardless of the relief sought. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984). Nor do the federal courts have jurisdiction to entertain a direct appeal sought from a state court judgment, including a judgment of conviction, as opposed to a collateral attack via a federal petition for a writ of habeas corpus. *See, e.g. Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

The Court nonetheless must docket and at least initially process the appeal filed, which seeks to appeal to the Ninth Circuit, not this Court. It would appear, however, with deference

to the authority of the Court of Appeals to determine its own jurisdiction, that there is no jurisdiction over the appeal. The Court accordingly will both deny a certificate of appealability and certify to the Court of Appeals that the appeal is not taken in good faith assuming, *arguendo* pauper status, as a similar appeal by a non-indigent party also would be dismissed for lack of jurisdiction.

IT THEREFORE IS ORDERED that the Clerk of Court shall process the appeal filed by petitioner as an appeal to the Ninth Circuit Court of Appeals, noting that the filing fee for neither a civil action nor an appeal has been paid and further that petitioner has neither applied for nor been granted pauper status.

IT FURTHER IS ORDERED, that pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that the appeal is not taken in good faith and that the Court further denies a certificate of appealability as, with deference to the authority of the Court of Appeals in matters concerning its own jurisdiction, there clearly would appear to be no jurisdiction over this appeal or action. The Clerk shall note these actions in the docket entry for this order.

IT FURTHER IS ORDERED that this order CLOSES this improperly commenced action in this Court, subject to any order of the Court of Appeals on the docketed appeal.

The Clerk shall SEND petitioner two copies each of a pauper application for an incarcerated person and § 2254 noncapital petition form, one copy of the instructions for each form, and one copy of the papers that he filed. Any further pleadings filed by petitioner must be filed in a new action under a new docket number.[1]

DATED: This 16th day of October, 2013.

_____
ROBERT C. JONES
Chief United States District Judge

---

[1] There are no claims asserted in this action as to which later claims could relate back. All pleadings filed must be filed in a new action under a new docket number. The only matter pending in the current matter is an improvidently-filed appeal to the Ninth Circuit.

-3-